1  KATHERINE JOHNSON (CA SBN 259854)
   JOHN B. ACIERNO III (CA SBN 257176)
2  PITE DUNCAN, LLP
   4375 Jutland Drive, Suite 200
3  P.O. Box 17933
   San Diego, CA 92177-0933
4  Telephone: (858)750-7600
   Facsimile: (619) 590-1385
5
   Attorneys for HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NAAC
6            MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1
7
8
9                    UNITED STATES BANKRUPTCY COURT
10                   NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| In re | Case No. 09-58650-ASW |
| | Chapter 13 |
| THAI XUAN TRAN AND HONG TRAN, | R.S. No. KLJ-721 |
| Debtor(s). | MOTION FOR RELIEF FROM AUTOMATIC STAY (11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| | DATE:        December 15, 2009<br>TIME:        2:00 PM<br>CTRM:       3020 |
| | 280 S 1st St. #268<br>San Jose, CA 95113-3004 |

20       TO THE RESPONDENTS NAMED ABOVE:

21       HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NAAC

22  MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 ("Movant"), respectfully

23  represents as follows:

24                      **RELIEF FROM STAY - CAUSE**

25              **FAILURE TO MAKE POST-PETITION PAYMENTS**

26       1.     This court has jurisdiction over the subject matter of this Motion pursuant to the

27  provisions of 28 United States Code §§ 157, 1334, and 11 United States Code § 362.

28  /./.

- 1 -

2. On or about October 9, 2009, Hong Tran ("Borrower") and Thai Xuan Tran (collectively, the "Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Devin Derham-Burk is the appointed Chapter 13 Trustee.

3. On or about December 11, 2006, Borrower, for valuable consideration, made, executed and delivered to Soma Financial ("Lender") a Note in the principal sum of $253,123.00 (the "Note"). Pursuant to the Note, Borrower is obligated to make monthly principal and interest payments commencing February 1, 2007, and continuing until January 1, 2037, when all outstanding amounts are due and payable. A true and correct copy of the Note is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit A and incorporated herein by reference.

4. On or about December 11, 2006, Borrower made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the certain real property located at 2500 East 2nd Street Unit 1771, Reno, Nevada 89502 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on December 29, 2006, in the Official Records of Washoe County, State of Nevada. A true and correct copy of the Deed of Trust is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit B and incorporated herein by reference.

5. Subsequently, Lender's beneficial interest in the Deed of Trust was sold, assigned and transferred to Movant.

6. The obligations under the Note are in default for failure to make payments as of March 1, 2009. As of November 12, 2009, the total obligation due and owing under the Note is in the approximate amount of $268,461.01, representing the principal balance of $251,437.65, interest in the sum of $14,466.46, late charges in the amount of $540.82, a recoverable balance in the amount of $1,983.58, and other fees in the amount of $32.50. Moreover, the total arrears under the Note are in the approximate sum of $16,202.96, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion. This is an approximate amount for purposes

Case 09-58650    Doc# 25    Filed: 11/25/09    Entered: 11/25/09 09:16:46    Page 2 of 5

of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel.

7. Pursuant to and upon confirmation of the Debtors' Chapter 13 Plan, the Debtors intend to surrender the Real Property in full satisfaction of Movant's secured claim. A true and correct copy of Debtors' Chapter 13 Plan is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit C and incorporated herein by reference.

8. A debtor's intention to surrender the property in a Chapter 13 case constitutes "cause" for relief from the automatic stay pursuant to 11 United States Code section 362(d)(1). Accordingly, as the Debtors intend to surrender the Real Property, Movant is entitled to relief from the automatic stay pursuant to 11 United States Code section 362(d)(1).

## **RELIEF FROM STAY**

## **LACK OF EQUITY**

9. Movant is informed and believes that, based on the Debtors' bankruptcy Schedules, the fair market value of the Real Property is no more than $100,000.00. True and correct copies of Debtors' bankruptcy Schedules A and D are collectively attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit D and incorporated herein by reference.

10. Based on the above, under the best case scenario, Movant is informed and believes that the equity in the Real Property is as follows:

| | |
|---|---|
| Fair Market Value: | $100,000.00 |
| Less: | |
| Movant's Trust Deed | $268,461.01 |
| Washoe County Treasurer's Lien | $4,200.00 |
| Costs of Sale (8%) | $8,000.00 |
| Equity in the Property: | $<180,661.01> |

As a result, there is no equity in the Real Property to be realized by the Debtors or the bankruptcy estate. Further, as the Debtors are unable to service the debt on the Real Property, Movant contends that the Real Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from stay under 11 United States Code § 362(d)(2).

- 3 -

11. If Movant is not allowed to regain possession of and to foreclose on the Real Property it will suffer irreparable injury, loss and damage.

## RELIEF FROM STAY - CAUSE

## ADEQUATE PROTECTION

12. Pursuant to the provisions of 11 United States Code §§ 361 and 362(d), Movant is entitled to adequate protection of its interest in the Real Property.

13. Movant submits the adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

14. Movant is informed and believes that Debtors are presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

15. By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1), based upon the failure of Debtors to provide adequate protection to Movant and to make payments as required by 11 United States Code § 1322.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1) Terminating the automatic stay of 11 United States Code § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

2) That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3) Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

4) Permitting Movant to offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtors;

5) Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtors to

- 4 -

reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtors' obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtors in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

      6)    That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

      7)    For such other and further relief as the court deems just and proper.

Dated: November 25, 2009          PITE DUNCAN, LLP

                           /s/ KATHERINE L. JOHNSON (CA SBN 259854)
Attorneys for HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NAAC MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1

- 5 -